UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD SATISH EMRIT,

      Plaintiff,

v.                                 CASE NO. 8:25-cv-999-WFJ-NHA

COBB GONZALEZ LAW FIRM
OF JACKSONVILLE, FL, ET AL,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Ronald Satish Emrit, who is not represented by a lawyer, filed a Complaint in the Middle District of Louisiana asserting two claims against seven Florida-based Defendants. Doc. 1. Plaintiff complains that Defendants are "trying to foreclose on both of the [Florida] houses of the plaintiff's friend," one of which Plaintiff had "entertained the idea of being a tenant in." *Id.* at ¶¶ 23, 36. The Middle District of Louisiana transferred the action to this District. Doc. 3. Pending before the Court is Plaintiff's motion to proceed without pre-paying the filing fee (Doc. 2). I respectfully recommend that the Court deny the motion and dismiss this case with prejudice. The issue of standing aside, Plaintiff has been classified as a vexatious litigant and been prohibited from filing lawsuits in this District without first obtaining permission from a senior

magistrate judge. *Emrit v. DeVos*, No. 8:20-CV-773-T-60TGW, 2020 WL 9078298 (M.D. Fla. Apr. 20, 2020). His filing in Louisiana appears to be an attempt to contravene this Court's prohibition.

Between 2013 and 2020, Plaintiff filed more than 200 cases in federal Court. *DeVos*, 2020 WL 9078298 at *1. Multiple federal judicial districts prohibited him from filing actions in their courts without prior approval. *Id.* at *3 (citing *Emrit v. Trump*, 2019 WL 935028, at *1 (S. D. Ohio Feb. 26, 2019); *Emrit v. Simon*, No. 17-CV-4605 (SRN/SER), 2017 WL 11483905, at *1 (D. Minn. Dec. 8, 2017); *Emrit v. Providence Hous. Auth.*, No. CV 16-543 S, 2017 WL 52572, at *1 (D.R.I. Jan. 4, 2017), *aff'd*, No. 17-1110, 2017 WL 3254898 (1st Cir. May 23, 2017); *Emrit v. Centers for Medicare & Medicaid Servs. (CMS)*, No. 2:14-CV-1761-GMN-PAL, 2016 WL 164992, at *2 (D. Nev. Jan. 14, 2016); *Emrit v. Soc. Sec. Admin.*, 2:14-cv-1760-GMN, 2015 WL 4597834, at *1 (D. Nev. July 29, 2015); *Emrit v. Nat'l Acad. of Recording Arts and Scis*, No. A-14-CA-392-SS, 2015 WL 518774, at *4 (W.D. Tex. Feb. 5, 2015); *Emrit v. AOL Time Warner*, No. 14-cv-314 (LAP) (S.D.N.Y. May 16, 2014)).

In 2020, this Court concluded that Plaintiff was abusing the court system and entered a filing-injunction against him, prohibiting him from "filing any new document–including, but not limited to, any action, complaint, petition, or motion–in the Middle District of Florida without first obtaining the prior

written approval of the senior Magistrate Judge in the division in which the document is sought to be filed[.]"*DeVos*, 2020 WL 9078298, at *4.

In what appears to have been an attempt to evade the prohibition, Plaintiff filed this action in the Middle District of Louisiana. Doc. 1. That district then transferred the action to this District, noting the facts in the Complaint were clearly connected to the Middle District of Florida:

> Because the alleged foreclosure(s) is occurring/has occurred in the Manatee and Sarasota County courts in Florida; some Defendants are located in Manatee, Sarasota, Duval and/or Osceola Counties in Florida, (as well as [Plaintiff], who . . . lives in Florida for half of the year); and the evidence and witnesses are likely to be located in these Florida counties, as well, it is proper, for the convenience of the parties and in the interest of justice, to transfer this case to the U.S. District Court for the Middle District of Florida, which is the district encompassing Manatee, Sarasota, Duval and Osceola Counties.

Doc. 3 at p. 2.

Plaintiff cannot circumvent the injunction against filing in this District by ignoring threshold venue requirements and initiating claims that arise within this District in judicial districts where he has not been barred from filing. *See, e.g., Brennan v. Aldazabal*, 772 F. App'x 852, 853 (11th Cir. 2019) (affirming the district court's dismissal with prejudice because "the district court reasonably concluded that, in the instant complaint, he was attempting to circumvent a filing injunction order entered in his prior 28 U.S.C. § 2255 action, which prohibited him from filing any additional pleadings or motions

3

in or arising from his criminal convictions without permission from the district court."); *In re Fillbach*, 223 F.3d 1089, 1091 (9th Cir. 2000) (holding that a litigant may not avoid a vexatious litigant order by filing suit in a different court). "[D]ismissal of a complaint with prejudice is an appropriate means to enforce violations of such injunctions." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1388 (11th Cir. 1993) (dismissing case by vexatious litigant attempting to circumvent a filing injunction by having his mother file the case).

Accordingly, I respectfully recommend that the Court DENY Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) and DISMISS his case WITH PREJUDICE.

Submitted for consideration on April 29, 2025.

NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to

challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.